JOHN C. BACKERT, RESPONDENT, v. MAX LEUCHTER, APPELLANT.

Submitted January term, 1929—Decided May 8, 1929.

Before Justices BLACK, CAMPBELL and CASE.

For the respondent, *David Horuvitz* (*Leroy W. Loder,* on the brief).

For the appellant, *M. Joseph Greenblatt.*

PER CURIAM.

This case comes up on appeal from the Cumberland County Court of Common Pleas wherein the plaintiff below brought suit on several promissory notes, claiming to be a *bona fide* holder by endorsement and transfer for value in due course before maturity. The defendant below by his answer charged that while on their face the notes showed another payee and the endorsement by that payee to the plaintiff, nevertheless, the notes had been given in payment of a certain linotype machine, the property of the plaintiff, and that the payee named in the notes was in fact merely the agent of the plaintiff, that the defendant's notes made to the payee were received by the latter as such agent and by him endorsed over to the plaintiff who had obligated himself by certain representations and warranties as to the condition of the machine; that the

machine was not as represented and was in fact worthless and that the defendant, therefore, was not indebted on the notes to the plaintiff. The defendant added a counter-claim.

At the trial the judge directed a verdict for the plaintiff. The judgment thereon was appealed from chiefly upon the ground that the testimony set up disputed questions of fact, which it was the exclusive province of the jury to determine.

There is testimony to the effect that the linotype machine was the property of the plaintiff and that the payee named in the notes had simply acted as a broker in selling the machine for him to the defendant; that the plaintiff before delivery of the notes had represented to defendant that the machine was as specified, rebuilt, complete and in first class condition; that the notes were delivered by defendant to plaintiff in payment though made payable to the broker; that the machine was not as represented, and that there was a part failure of consideration.

We are of the opinion that there was sufficient dispute in the evidence to take the case to the jury. The judgment, therefore, is reversed.